IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

TYLER MONETTE,

        Plaintiff,

      v.                       Civil Action No.
                                  8:15-CV-0382 (DEP)

CAROLYN W. COLVIN, Commissioner of
 Social Security,

        Defendant.

─────────────────────────────────────

APPEARANCES:                OF COUNSEL:

FOR PLAINTIFF

SCHNEIDER LAW FIRM      MARK A. SCHNEIDER, ESQ.
57 Court Street
Plattsburgh, New York 12901


FOR DEFENDANT

HON. RICHARD S. HARTUNIAN    REBECCA H. ESTELLE, ESQ.
United States Attorney         Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on October 21, 2015, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1)      Defendant's motion for judgment on the pleadings is GRANTED.

2)      The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3)      The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.


_____
David E. Peebles
U.S. Magistrate Judge

Dated:      October 23, 2015
            Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
TYLER MONETTE,

                    Plaintiff,

vs.                                    15-CV-382

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
-------------------------------------------x

*DECISION* – October 21, 2015

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding

A P P E A R A N C E S (by telephone)

For Plaintiff:        MARK A. SCHNEIDER
                      Attorney at Law
                      57 Court Street
                      Plattsburgh, New York 12901

For Defendant:        SOCIAL SECURITY ADMINISTRATION
                      Office of Regional General Counsel
                      26 Federal Plaza
                      New York, New York 10278
                        BY:  REBECCA H. ESTELLE, ESQ.

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1          THE COURT:  All right.  Thank you.  I'll have to
2     let that be the last word.
3          I have before me a request for judicial review of a
4     Commissioner's determination under 42, United States Code,
5     Section 405(g).  The background is as follows.
6          The plaintiff was born in January of 1993, is
7     currently 22 years of age by my math.  He is a high school
8     graduate.  He served in the United States Military,
9     specifically the Army, from July of 2011 until February of
10    2013.  His field of discipline in the Army was in information
11    technology.  He received an honorable medical discharge
12    early.  He lives in Dannemora.
13         There is very conflicting evidence as to where he
14    has lived.  At one point he lived with his mother and
15    stepfather and two half sisters.  At 319 it indicates in
16    December of 2014 that was the case, but there is other
17    indication that he moved out earlier.  He has been living
18    with a girlfriend and co-worker, September of 2014.  He
19    reported that at 329 and 277.  He also said he lives with his
20    girlfriend in March and May of 2015.  And it was reported
21    also in plaintiff's brief I think at page 63 that he moved
22    out in September of 2014.  In any event, it's not material.
23         He suffers from depression, anxiety, bipolar
24    disorder and post-traumatic stress disorder.  Clearly his
25    symptoms became evident and worsened while he was in the

Army.  He was hospitalized twice in Germany in 2012; once as
a result of a suicide attempt and once as a result of
suicidal thoughts.  He was again hospitalized in Champlain
Valley Physicians Hospital in 2013.  He has been granted a
30 percent disability by the Veterans Administration.
Recently it was increased to 70 percent effective
September 14, 2014.

He has treated with various professionals since
2012 for his mental health issues, including through the
Veterans Administration, the Behavioral Health Services
North, including through Dr. Stanley Poreba, and through a
primary pediatrician and nurse practitioner in that office,
Laurie Eamer.  Medications include Paxil, Gabapentin,
Prozosin for nightmares, Trazadone for insomnia, Seroquel for
mood swings, and Propranolol for anxiety and hypertension.

He last worked in July and August of 2014 part time
as a cashier at a Stewarts sandwich shop.  He quit over a
confrontation with a co-worker.  He also worked four days in
a warehouse doing inventory management in November 2013.  He
left because he was stressed out.  He worked in a temporary
labor job racking, a racking job in September 2013.  He left
because of low pay and also could not deal with co-workers.

He smokes marijuana.  Although, as I indicated, he
did claim to Dr. Melcher, according to Dr. Melcher's report,
that he quit.  He stated at the hearing that he had last used

1    a week before the hearing.

2           The procedural history is that plaintiff applied

3    for disability insurance benefits in July of 2014 claiming an

4    onset date of February 6, 2013.  A hearing was conducted by

5    Administrative Law Judge John Pickett on January 7, 2015.

6    ALJ Pickett issued a decision on February 19, 2015 and a

7    Social Security Appeals Council denied review on March 17,

8    2015, making the ALJ's decision a final determination of the

9    agency.

10          In terms of the decision, Judge Pickett applied the

11   standard well accepted and known five-step method for

12   determining disability.  He found that the plaintiff suffers

13   from several severe mental impairments, including major

14   depressive disorder, bipolar disorder, PTSD, anxiety

15   disorder, and cannabis dependence.  He went through a survey

16   of the medical evidence and rejected certain other physical

17   limitations as being severe, including asthma and back pain.

18          He then found that the plaintiff did not suffer

19   from a listed presumptively disabling condition, and in doing

20   that he concluded that plaintiff has only a mild restriction

21   in daily living, moderate restriction in social functioning,

22   mild difficulty in concentration, persistence, or pace, and

23   no repeated episodes of decompensation and none that were

24   work related.

25          He concluded that plaintiff has the residual

functional capacity, or RFC, to perform a full range of work at all exertional levels with certain limitations, including being limited to simple work in which there is no more than occasional interaction with others and subject to no more than occasional production goals or quotas.  Applying that RFC finding, the ALJ concluded after consulting with a vocational expert there were jobs that the plaintiff could perform that were available in sufficient numbers, including as a cleaner/housekeeping, cleaner industrial, and an addresser, and therefore concluded that he is not disabled.

The standard, as the Commissioner's Council noted, is extremely deferential.  It requires me to determine whether the determination was the product of proper legal principles and is supported by substantial evidence. Substantial evidence has been defined by the Supreme Court as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

In this case first regarding the listings, the findings of the ALJ are supported by substantial evidence. Dr. Melcher's opinions can constitute as a consultant substantial evidence.  I did not find any contrary opinions that specifically stated greater limitations.  Certainly with regard to daily activities, the daily activities noted by the Administrative Law Judge and Dr. Melcher were consistent with plaintiff's statements to other examining physicians,

1  including Dr. Wassef.

2       As to his daily activities, I find that the
3  Residual Functional Capacity is supported by substantial
4  evidence.  I combed the record, did not find any evidence
5  that plaintiff could not perform work on a sustained
6  full-time basis.  I did not find any treating source that
7  stated that specifically.  The closest thing is Nurse
8  Practitioner Eamer's statement.  But even that, and not from
9  a medical source, does not say he is incapable of performing
10 work-related functions; it says that he has been unable to
11 obtain employment due to anxiety.

12      Once again, Dr. Melcher's opinion provides
13 substantial evidence in terms of credibility and other issue
14 raised.  On page 19 the Administrative Law Judge specifically
15 outlined his findings regarding credibility.  Dr. Melcher, I
16 note, specifically stated that plaintiff could maintain a
17 schedule.  That's at page 280.  And I think he properly
18 explained why he felt that plaintiff's failure to stop
19 smoking marijuana was important because it indicated to the
20 Administrative Law Judge that he was not serious enough about
21 obtaining medication from Dr. Poreba to follow his
22 instructions to stop marijuana so that he could get
23 medicated.  I think that's a proper consideration.

24      I noted that I've been carefully through Dr. Klink,
25 Dr. Delucas, Dr. Newman, Nurse Practitioner Eames, Pat

Parker, licensed clinical social worker. I could not find
any findings, specific findings that were contrary to the
ALJ's determination.

Which brings us to new evidence. The test is
well-established, Second Circuit's decisions in *Lisa* and
*Tirado* indicate that the evidence must be new material and
there could be a reasonable possibility -- material meaning
there could be a reasonable possibility that new evidence
would have influenced the ALJ's decision, and there also must
be shown good cause for not submitting it before the ALJ's
determination.

In this case I'm going to assume for the sake of
argument that this is new evidence and that there is good
cause that it was not obtained earlier, which clearly much of
it was obtained after the Social Security Appeals Council's
decision. I combed it carefully. Again with the exception
of the 70 percent disability determination by the VA, I
didn't find anything. I went through the nurse practitioner
and doctors' notes. They diagnosed the same mood disorder,
personality disorder, but they indicate that plaintiff is
stable. They also show that he has missed several
appointments.

With regard to the VA, as the Commissioner noted
and Judge D'Agostino issued a decision regarding this, if
this 70 percent disability had been determined prior to the

1  ALJ's decision, he clearly should have probably referenced

2  it.  But it is a different standard and what would influence

3  me more is if it was based on some evidence that was

4  different from the evidence that is in this current record.

5  There is no indication that it is.  It's the VA's

6  determination based on the current record, and I don't find

7  anything that undermines the Commissioner's determination.

8         So, I find that the plaintiff has not met the

9  materiality standard and that the new evidence provides no

10  basis to overturn the determination, so I grant judgment on

11  the pleadings to the Commissioner, and I will issue an order

12  to that effect shortly.  Thank you both for excellent

13  presentations.  Interesting case.

14         MR. SCHNEIDER:  Thanks.

15         THE COURT:  Thank you.

16              *              *              *

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N


I, EILEEN MCDONOUGH, RPR, CRR, Federal Official
Realtime Court Reporter, in and for the United States
District Court for the Northern District of New York,
do hereby certify that pursuant to Section 753, Title 28,
United States Code, that the foregoing is a true and correct
transcript of the stenographically reported proceedings held
in the above-entitled matter and that the transcript page
format is in conformance with the regulations of the
Judicial Conference of the United States.



_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter